UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

TIMOTHY SINGLETON,   Case No. 3:14-cv-140

    Plaintiff,

vs.

COMMISSIONER OF   District Judge Walter H. Rice
SOCAL SECURITY,   Magistrate Judge Michael J. Newman

    Defendant.

---

**REPORT AND RECOMMENDATION[1] THAT: (1) THE ALJ'S NON-DISABILITY FINDING BE FOUND UNSUPPORTED BY SUBSTANTIAL EVIDENCE, AND REVERSED; (2) THIS CASE BE REMANDED TO THE COMMISSIONER UNDER THE FOURTH SENTENCE OF 42 U.S.C. § 405(g) FOR PROCEEDINGS CONSISTENT WITH THIS OPINION; AND (3) THIS CASE BE CLOSED**

---

This is a Social Security disability benefits appeal. At issue is whether the Administrative Law Judge ("ALJ") erred in finding Plaintiff not "disabled" and thus unentitled to Supplemental Security Income ("SSI"). This case is before the Court upon Plaintiff's Statement of Errors (doc. 9), the Commissioner's memorandum in opposition (doc. 11), Plaintiff's reply (doc. 12), the administrative record (doc. 7),[2] and the record as a whole.

**I.**

**A. Procedural History**

Plaintiff filed for SSI in December 2010. PageID 229-34. Plaintiff suffers from a number of impairments including, among others, depression. PageID 78.

After initial denials of his application, Plaintiff received a hearing before ALJ John S. Pope. PageID 92-136. The ALJ issued a written decision on December 21, 2012 finding

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

[2] Hereafter, citations to the electronically-filed administrative record will refer only to the PageID number.

Plaintiff -- at Step Four of the sequential benefits analysis -- not disabled. PageID 76-85.

Specifically, the ALJ's findings were as follows:

1. The claimant has not engaged in substantial gainful activity since December 9, 2010, the application date (20 CFR 416.971 *et seq.*);

2. The claimant has the following severe impairments: chronic obstructive pulmonary disease (COPD), diabetes mellitus, and hypertension (20 CFR 416.920(c)).

3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926).

4. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity ["RFC"] to perform light work as defined in 20 CFR 416.967(b)[3] except that he must avoid even moderate exposure to pulmonary irritants.

5. The claimant is capable of performing past relevant work as an Interviewer and Elementary Teacher. This work does not require the performance of work-related activities precluded by the claimant's [RFC] (20 CFR 416.965);

6. The claimant has not been under a disability, as defined in the Social Security Act, from July 1, 2009, since December 9, 2010, the date the application was filed (20 C.F.R. 416.920(f)).

PageID 78-85.

Thereafter, the Appeals Council denied Plaintiff's request for review, making the ALJ's non-disability finding the final administrative decision of the Commissioner. PageID 56-58. Plaintiff then filed this timely appeal. *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 435 (6th Cir.

---

[3] The Social Security Administration classifies jobs as sedentary, light, medium, heavy, and very heavy depending on the physical exertion requirements. 20 C.F.R. § 416.967. Light work "involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds" and "requires a good deal of walking or standing, or . . . sitting most of the time with some pushing and pulling of arm or leg controls." *Id.* § 416.967(b). An individual who can perform light work is presumed also able to perform sedentary work. *Id.* Sedentary work "involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties." *Id.* § 416.967(a).

2007) (noting that, "[u]nder the Federal Rules of Appellate Procedure, [claimant] had 60 days from the Appeals Council's notice of denial in which to file his appeal").

      B.      **Evidence of Record**

In his decision, the ALJ set forth a detailed recitation of the underlying medical evidence in this case. PageID 80-84. Plaintiff, in his Statement of Errors, also summarizes the evidence. Doc. 9 at PageID 600-04. The Commissioner's response to Plaintiff's Statement of Errors refers the Court to the ALJ's recitation of relevant evidence and offers no objections to Plaintiff's summary of relevant facts. Doc. 11 at PageID 615. Accordingly, except as otherwise noted in this Report and Recommendation, the undersigned incorporates the ALJ's recitation of evidence as well as Plaintiff's undisputed summary of the evidentiary record. Where applicable, the Court will identify the medical evidence relevant to this decision.

## II.

      A.  **Standard of Review**

The Court's inquiry on a Social Security appeal is to determine (1) whether the ALJ's non-disability finding is supported by substantial evidence, and (2) whether the ALJ employed the correct legal criteria. 42 U.S.C. §§ 405(g), 1383(c)(3); *Bowen* v. *Comm'r of Soc. Sec.,* 478 F.3d 742,745-46 (6th Cir. 2007). In performing this review, the Court must consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971). When substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if substantial evidence also exists in the record upon which the ALJ could have found Plaintiff

disabled.  *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001).  Thus, the ALJ has a "'zone of choice' within which he [or she] can act without the fear of court interference." *Id.* at 773.

The second judicial inquiry -- reviewing the correctness of the ALJ's legal analysis -- may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009).  "[A] decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746.

### B.  "Disability" Defined

To qualify for disability benefits, a claimant must be under a "disability" as defined by the Social Security Act.  42 U.S.C. § 1382c(a)(3)(A).  Narrowed to its statutory meaning, a "disability" includes physical and/or mental impairments that are "medically determinable"; expected to result in death or which have lasted or can be expected to last for a continuous period of not less than twelve months; and severe enough to prevent a claimant from (1) performing his or her past job and (2) engaging in "substantial gainful work" that is available in the regional or national economies. *Id*. §§ 1382c(a)(3)(A), (B).

Administrative regulations require a five-step sequential evaluation for disability determinations.  20 C.F.R. § 416.920(a)(4).  Although a dispositive finding at any step ends the ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), the complete sequential review poses five questions:

1. Has the claimant engaged in substantial gainful activity?

2. Does the claimant suffer from one or more severe impairments?

3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments (the "Listings"), 20 C.F.R. Subpart P, Appendix 1?

4. Considering the claimant's RFC, can he or she perform his or her past relevant work?

5. Assuming the claimant can no longer perform his or her past relevant work -- and also considering the claimant's age, education, past work experience, and RFC -- do significant numbers of other jobs exist in the national economy which the claimant can perform?

20 C.F.R. § 416.920(a)(4); *see also Miller v. Comm'r of Soc. Sec.*, 181 F.Supp.2d 816, 818 (S.D. Ohio 2001). A claimant bears the ultimate burden of establishing that he or she is disabled under the Social Security Act's definition. *Key v. Comm'r of Soc. Sec.*, 109 F.3d 270, 274 (6th Cir. 1997).

## III.

In his Statement of Errors, Plaintiff argues that the ALJ should have found his depression "severe" as a matter of law at Step Two, and considered that mental impairment thereafter -- particularly at Step Four with respect to his RFC. *See* doc. 9 at PageID 605-08.

Establishing a severe impairment at Step Two is considered a "*de minimis* hurdle[,]" *Higgs v. Bowen*, 880 F.2d 860, 862 (6th Cir. 1998), intended to "screen out totally groundless claims." *Farris v. Sec'y of Health & Human Servs.,* 773 F.2d 85, 89 (6th Cir. 1985). Accordingly, "an impairment can be considered not severe only if it is a slight abnormality that minimally affects work ability regardless of age, education, and experience." *Higgs*, 880 F.2d at 862. "[Once, however,] an ALJ determines that one or more impairments is severe, the ALJ 'must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe.''" *Fisk v. Astrue,* 253 F. App'x 580, 583 (6th Cir. 2007) (citing Soc. Sec. Rul. 96–8p, 1996 WL 374184, at *5 (July 2, 1996)).

Whether or not the ALJ correctly analyzed Plaintiff's depression at Step Two,[4] *Fisk* dictates that, once the ALJ found that Plaintiff suffered from at least one severe impairment, as occurred here, the ALJ was required to consider *all* of Plaintiff's impairments -- severe and non-severe -- at Step Four. *Fisk,* 253 F. App'x at 583. The ALJ did not so act, and such an error merits reversal. *Johnson v. Colvin*, No. 3:13-cv-301, 2014 WL 6603376, at *8 (S.D. Ohio Nov. 19, 2014) (citations omitted) (*report adopted by* No. 3:13-cv-301, 2014 WL 7015188 (S.D. Ohio Dec. 10, 2014)).

In this instance, at Step Four, the ALJ merely reiterated his Step Two conclusion that Plaintiff's depression is not a severe impairment. PageID 83-84. However, "a Step Two analysis is distinct from the ALJ's obligation to consider the impact of Plaintiff's non-severe impairments in addition to and in conjunction with Plaintiff's severe impairments in assessing Plaintiff's RFC." *Katona v. Comm'r of Soc. Sec.*, No. 14-cv-10417, 2015 WL 871617, at *6 (E.D. Mich. Feb. 27, 2015) (citations omitted). At Step Four, the ALJ failed to determine what impact, if any, Plaintiff's depression has on his ability to perform substantial gainful activity. PageID 132-34; *see also id.* Even if the ALJ determined that Plaintiff's depression does not result in any work-related restrictions, he was "required to state the basis for such conclusion." *Katona*, 2015 WL 871617, at *6 (citations omitted).

---

[4] Evidence supports a conclusion that Plaintiff's depression meets the *di minimis* severity hurdle. *See Higgs,* 880 F.2d at 862; *see also Turnage v. Comm'r of Soc. Sec.,* No. 3:14-cv-012, 2015 WL 1468315, at *2 (S.D. Ohio Mar. 30, 2015). Plaintiff was diagnosed with major depressive disorder, and takes Paxil to control his symptoms. PageID 83, 109, 404, 458. Paxil "is used to treat depression...panic disorder...social anxiety disorder…and posttraumatic stress disorder[.]" Mayoclinic.org, Paroxetine Definition, http://www.mayoclinic.org/drugs-supplements/paroxetine-oralroute/description/DRG20067632 (last visited May 15, 2015). Plaintiff testified before the ALJ that he suffers from mood swings and has an inability to be near crowds or hear loud noises. PageID 115-16. Since December 2011, he has routinely seen both a treating psychiatrist and a therapist. PageID 83, 116-17. Treatment notes from his therapy sessions show that Plaintiff appeared depressed, agitated, hyperactive, and preoccupied. *See, e.g.,* PageID 361, 365, 369, 379, 383, 387, 391.

Because the ALJ failed, at Step Four, to consider what work-related limitations, if any, arise from Plaintiff's depression, the undersigned recommends that the ALJ's decision be found unsupported by substantial evidence, and reversed. *Accord Johnson,* 2014 WL 6603376, at *8-9.

**IV.**

When the ALJ's non-disability determination is unsupported by substantial evidence, the Court must determine whether to remand the matter for rehearing or to award benefits. Generally, benefits may be awarded immediately "if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994); *see also Abbott v. Sullivan*, 905 F.2d 918, 927 (6th Cir. 1990). The Court may only award benefits where proof of disability is strong and opposing evidence is lacking in substance, so that remand would merely involve the presentation of cumulative evidence, or where proof of disability is overwhelming. *Faucher*, 17 F.3d at 176; *see also Felisky v. Bowen*, 35 F.3d 1027, 1041 (6th Cir. 1994); *Mowery v. Heckler*, 771 F.2d 966, 973 (6th Cir. 1985).

Here, remand for further proceedings is necessary so that the ALJ may reassess the severity of Plaintiff's depression (by referring him to a consultative specialist or utilizing the services of a Medical Expert at a subsequent administrative hearing); properly evaluate the impact Plaintiff's depression has on his RFC; and determine Plaintiff's disability status anew.

**V.**

**IT IS THEREFORE RECOMMENDED THAT:**

1. The Commissioner's non-disability finding be found unsupported by substantial evidence, and **REVERSED**;

      2.      This case be **REMANDED** to the Commissioner under the Fourth Sentence of 42 U.S.C. § 405(g) for proceedings consistent with this opinion; and

      3.      This case be **CLOSED**.


Date: <u>May 19, 2015</u>　　　　　　　<u>*s/ Michael J. Newman*</u>
　　　　　　　　　　　　　　　　　　Michael J. Newman
　　　　　　　　　　　　　　　　　　United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation.  Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days because this Report and Recommendation is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F), and may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report and Recommendation objected to, and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.  As is made clear above, this period is likewise extended to **SEVENTEEN** days if service of the objections is made pursuant to Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F).  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).